**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SUNIL SHUKLA,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

Civil Action No. 25-18536 (MAS)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants U.S. Citizenship and Immigration Services ("USCIS"); Joseph B. Eldow, Director of USCIS; Keith Dorr, Field Director for the USCIS Mount Laurel, NJ, Field Office; U.S. Department of Homeland Security ("DHS"); and Kristi Noem, Secretary of DHS's (collectively, "Defendants") Motion to Dismiss (ECF No. 5) Plaintiff Sunil Shivlal Shukla's ("Plaintiff") Complaint (ECF No. 1) for Lack of Subject Matter Jurisdiction. Plaintiff opposed (ECF No. 6), and Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendants' motion.

Plaintiff, a noncitizen and a New Jersey resident, last entered the United States on September 11, 2010.[1] (Compl. 3-4 ¶¶ 9, 15, ECF No. 1.)[2] On February 3, 2020, Plaintiff filed a

[1] The Court accepts all factual allegations in Plaintiff's Complaint as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] The Court notes that Plaintiff repeats and skips some paragraph numbers in the Complaint. For clarity, the Court identifies the page number and paragraph number. As an example, the cite "4-5 ¶ 17" refers to paragraph 17 found on pages 4 through 5.

Form I-485 Application to Register Permanent Residence or Adjust Status, which USCIS denied on July 3, 2025. (*Id.* at 2-4 ¶¶ 1, 9, 15.) USCIS's decision acknowledged that Plaintiff is statutorily eligible for relief but cited adverse factors as the basis for its denial, including concerns about Plaintiff's credibility and allegations that Plaintiff had previously filed a "fraudulent" asylum application. (*Id.* at 4-5 ¶ 17.) Plaintiff now claims that USCIS's denial, while within its discretion, reflects arbitrary and capricious decision-making in violation of the Administrative Procedure Act ("APA"). (*Id.* at 4-6 ¶¶ 17, 27); 5 U.S.C. § 706(2).

Plaintiff's Complaint, accordingly, asserts five causes of action against Defendants: (1) arbitrary and capricious action in violation of the APA ("Count One"); (2) failure to follow procedure required by law in violation of the APA ("Count Two"); (3) action in excess of statutory authority under the APA ("Count Three"); (4) ultra vires action ("Count Four"); and (5) failure to provide a reasoned explanation and ignoring important aspects of the record in violation of the APA ("Count Five"). (*Id.* at 6-8 ¶¶ 26-42.) The Complaint alleges that this Court has federal question jurisdiction over the case because it "arises under the APA." (*Id.* at 2 ¶ 6.)

Under Federal Rule of Civil Procedure 12(b)(1),[3] a defendant may move to dismiss a matter for lack of subject matter jurisdiction. *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 298 (E.D. Pa. 2019). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, "a district court has to first determine . . . whether a Rule 12(b)(1) motion presents a

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citations omitted). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a Rule 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court, under a facial attack, "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citations omitted).

Defendants seek dismissal of Plaintiff's Complaint on its face, asserting that "[t]he Court lacks subject matter jurisdiction over Plaintiff's challenge to the denial of his adjustment of status application" under the Immigration Nationality Act ("INA"). (Defs.' Moving Br. 1, ECF No. 5.)

District courts have "federal-question jurisdiction over APA cases unless such review is precluded by a separate statute." *Fallas v. Jadou*, No. 22-304, 2023 WL 3736326, at *3 (D.N.J. May 31, 2023) (internal quotation marks and citations omitted); *see also Bakran v. Sec'y, U.S. Dep't Homeland Sec.*, 894 F.3d 557, 562 (3d Cir. 2018) ("District courts have jurisdiction to review agency action under 28 U.S.C. § 1331, subject only to preclusion-of-review statutes created or retained by Congress." (internal quotation marks and citation omitted)). The relevant statute here is § 1255 of the INA, which permits noncitizens who, like Plaintiff, are "already admitted or paroled into the United States on a temporary basis to adjust their status to that of a legal permanent resident." *Melkumov v. Chen*, No. 25-1, 2026 WL 1097255, at *3 (D.N.J. Apr. 22, 2026) (internal

quotation marks and citation omitted). To be eligible for such relief, an adjustment-of-status applicant must show that: "(1) [he has made] an application for such adjustment[;] (2) [he] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence[;] and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Relief, however, is not guaranteed—instead, it is "a matter of grace" subject to USCIS's discretion. *Melkumov*, 2026 WL 1097255, at *3 (quoting *Abuzeid v. Mayorkas*, 62 F.4th 578, 580 (D.C. Cir. 2023)).

The plain language of § 1252(a)(2)(B) of the INA limits federal courts' jurisdiction to review certain denials of discretionary relief, including of adjustment-of-status, stating in relevant part:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), . . . no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(i)-(ii). The exception provided in § 1252(a)(2)(D) instructs that "nothing in [the INA's jurisdictional provisions] shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* § 1252(a)(2)(D).

Here, because USCIS denied Plaintiff's adjustment-of-status application in its discretion pursuant to § 1255, Defendants point to § 1252(a)(2)(B)'s jurisdiction-stripping language in support of dismissal. (Defs.' Moving Br. 5-10.) Plaintiff counters that the Complaint's allegations

do not challenge USCIS's discretion and instead raise "constitutional claims and pure questions of law" that trigger the jurisdictional exception provided by § 1252(a)(2)(D). (Pl.'s Opp'n Br. 2, ECF No. 6.) As an example, Plaintiff refers to the Complaint's allegations of "procedural due process under the Fifth Amendment." (*Id.*) A review of the Complaint, however, reveals no such allegation was pled (*see generally* Compl.), and the sole non-APA claim in the Complaint—Count Four for "Ultra Vires Action"—merely repackages the same allegations pled within Plaintiff's APA claims.[4] (*Compare id.* at 7 ¶¶ 38-39 (alleging in Count Four that USCIS committed an "invalid" ultra vires act when it "acted beyond its delegated authority by making factual and legal determinations it lacked power to make—specifically, by issuing a fraud determination without conducting a fraud analysis or providing required procedural safeguards"), *with id.* at 7 ¶ 35 (alleging in Count Three that under the APA, "USCIS exceeded its statutory authority by imputing fraudulent intent without invoking statutory grounds").) Plaintiff "cannot confer jurisdiction on this Court . . . simply by attaching a particular label to the claim raised in [the Complaint.]" *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008).[5]

Even assuming the Complaint brings constitutional claims or raises pure legal questions, the Court nevertheless lacks jurisdiction to review USCIS's denial of Plaintiff's adjustment-of-status application for two reasons. First, the Supreme Court in *Patel v. Garland*

---

[4] Count Five ("Failure to Provide a Reasoned Explanation and Ignoring Important Aspects of the Record") is also a repurposed APA claim. (Compl. at 8 ¶¶ 40-42.) Indeed, in this Count, Plaintiff cites the APA statute as the reason that "[t]he agency's explanation is legally insufficient and must be set aside." (*Id.* ¶ 42.)

[5] Nor can Plaintiff establish jurisdiction on the basis that the Complaint pleads federal question jurisdiction. *See Geda v. Dir. USCIS*, 126 F.4th 835, 842, 845 (3d Cir. 2025) (holding that "the INA precludes § 1331 federal question jurisdiction" over adjustment-of-status decisions because the "plain text" of § 1252(a)(2)(B)(ii) "states federal question jurisdiction is lacking 'regardless of whether the judgment, decision, or action is made in removal proceedings'" (quoting 8 U.S.C. § 1252(a)(2)(B)).

established that § 1252(a)(2)(B)'s jurisdiction-stripping provision "prohibits review of *any* judgment *regarding* the granting of relief under § 1255." 596 U.S. 328, 337-40 (2022). The Third Circuit has since read § 1255 to preclude review of not only the decisions that USCIS makes in its discretion, but also the "inextricably intertwined process . . . for reaching that decision." *Geda*, 126 F.4th at 844 (internal quotation marks omitted). Consistent with the Third Circuit and this Court's previous decisions, this Court echoes the "chorus of cases after *Patel* that have held that, *regardless of the type of challenge*, federal district courts may not review USCIS adjustment of status decisions." *Melkumov*, 2026 WL 1097255, at *5 (emphasis added) (collecting cases).

Second, the plain language of the INA's jurisdiction-stripping exception applies *only* to legal and constitutional claims that were first "raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *see also Geda*, 126 F.4th at 844 n.9 (finding that "[e]ven if [petitioners] raised a colorable question of law," their failure to do so in a petition for review before the Third Circuit "plac[ed] these claims outside of Congress's carveout to [the] jurisdictional bar"); *Melkumov*, 2026 WL 1097255, at *5 ("[W]here the INA includes a jurisdictional carveout for questions of law, it only does so for *circuit courts* 'upon a petition for review,' 8 U.S.C. § 1252(a)(2)(D), and only in the removal context." (citing *Patel*, 596 U.S. at 345-46)). Plaintiff's Complaint does not allege or otherwise indicate that Plaintiff has filed a petition for review before the Board of Immigration Appeals (*see generally* Compl.), and in any event, this Court is not one of the circuit courts that could review such petition.

Without jurisdiction, "the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." *Geda*, 126 F.4th at 847 (quoting *Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94 (1998)). This Court, therefore, grants Defendants' Motion to Dismiss Plaintiff's Complaint without prejudice and without leave to amend.[6]

Based on the foregoing,

**IT IS**, on this 23rd day of September 2026, **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**.
2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.
3. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[6] As the Third Circuit made clear when affirming dismissal of the complaint in *Geda*, "[o]nly the executive and legislative branches can provide the relief [Plaintiff] seek[s]." *Id.* This Court therefore finds that any amendment of the Complaint would be futile. *See Pinckney v. Somerset Prob. Child Support Enf't*, No. 24-8474, 2025 WL 2346440, at *5 (D.N.J. Aug. 13, 2025) ("While the Court cannot dismiss this Complaint with prejudice, it can deny leave to amend so long as any amendment would be futile."); *see also Patel v. USCIS*, No. 25-3399, 2026 WL 1597469, at *8 n.15 (E.D. Pa. June 3, 2026) ("The Court will not grant Plaintiff leave to amend his APA claim because amendment would be futile, given that 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of USCIS's decision to deny Plaintiff's I-485 application.").